KLIEBERT, Judge.
On October 18, 1976, Geraldine Hebert, a fifty-three year old woman, was shopping at Schwegmann Brother’s store on West Airline Highway when she slipped on a green onion which was on the floor and fell to her left knee. When she fell, her right leg shot out in front of her. Plaintiff sued for damages. After trial on the merits, judgment was granted in plaintiff’s favor and against Schwegmann Brothers in the amount of $3,715.00. Defendant appeals.
Liability is not contested on appeal. The only issue before us is quantum. Basically, Schwegmann contends that the court below abused its discretion in its award for damages.
*480 Plaintiff testified that immediately after she fell she had a burning sensation in her ankle. Subsequently, her entire leg, especially her knee, began hurting. She testified to feeling dizzy and being embarrassed because of the incident. Plaintiff treated herself for nine days after the accident, by staying in bed and getting “rub downs” and using heat pads.
On October 27, plaintiff visited Dr. Ger-non Brown, who had treated her previously for a serious back injury. Dr. Brown prescribed medication and told her to return in ten days. Plaintiff did not return to Dr. Brown because she was afraid he would hospitalize her. She was wary of the hospital because in her previous accident she was in and out of the hospital, in traction, for a year.
Plaintiff said her back had felt good before the instant accident. Before the accident she could do many activities (e. g., work in her garden and housework) which she cannot do since the accident.
Plaintiff stated she now suffers continuously with her left leg, has constant pain in her left knee and down the front of the leg, but her back does not hurt her as long as she does not irritate the left leg too much.
Elizabeth Troglen, plaintiff’s daughter, was with plaintiff at the time of the accident. She stated her mother was bedridden for a few months after the accident and now cannot walk as much as she did before the accident.
The medical narrative of Dr. Gernon Brown was admitted into evidence in lieu of his testimony. The only indicia of pain in his report was his assertion that “The patient stated that she had been experiencing back pain.” Dr. Brown’s examination report and opinion was as follows:

“EXAMINATION

Examination revealed restriction of motion of the lumbar spine with pain on motion. There was tenderness over the low back area.
Examination of the lower extremities revealed straight leg raising possible to about 40 degrees with the patient complaining of back pain but without radiating pain. The patellar and achilles reflexes were hypoactive but equal. X-rays of the patient’s lumbar spine revealed no evidence of a fracture or dislocation.

OPINION

It was my opinion on examination of the patient that her symptoms and physical findings were compatible with a low back syndrome. She was given a prescription for medication for pain and anti-inflammatory drug. The patient was requested to return in 10 days but did not do so.”
No other witnesses were called by plaintiff, nor did defendant call any rebuttal witnesses.
The standard of review of awards for general damages was established by the Supreme Court of Louisiana in Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977). Basically, before a Court of Appeal can disturb a trial court’s award, the record must clearly reveal that the trier of fact abused its discretion in making its award. Reck v. Stevens, 373 So.2d 498 (La.1979), further stated that an articulated analysis of the facts must show a clear abuse of discretion before it can disturb the award.
Since we find no abuse of discretion in the amount awarded, the judgment of the trial court is affirmed.

AFFIRMED.